[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Aetna Casualty Surety Company has moved to vacate an arbitration award. Defendant Donald Warichar has moved to confirm the award. I have concluded that the arbitrators correctly applied the law. I have found their decision to be supported by substantial evidence. Accordingly, I have denied the motion to vacate and have granted the motion CT Page 5941 to confirm.
The focal point of the parties' dispute is the amount of under insured motorists coverage available to Warichar under the Aetna policy. The policy was issued to the State of Connecticut. Warichar, a state employee, was injured in an automobile accident while driving a car owned by the state. The other driver was at fault. Because the other driver did not have sufficient liability insurance to compensate Warichar for his injuries, Warichar filed a claim against Aetna under the underinsured motorists coverage provision of the Aetna policy. The arbitrators awarded Warichar $262,400.00. They determined the Aetna policy provided Warichar with $1,000,000.00 of underinsured motorists coverage even though the policy as written set forth a limit of $40,000.00. They determined the amount of coverage by applying Public Act 83-461 to the facts. This public act amended General Statutes 38-175c(a)(2) know codified as 38a-336 (2)). As amended, the statute provides as follows:
 ". . .[E]very such policy issued or renewed on and after July 1, 1984, shall provide uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless the insured requests in writing a lesser amount. . . ."
Aetna contends that the legislature did not intend Public Act 83-461 to apply to sophisticated consumers such as the State of Connecticut. Since the public act is not ambiguous, there is no need to review the legislative history quoted by Aetna in its brief. The act clearly applies to the state.
Alternatively, Aetna contends the state requested in writing $40,000.00 of uninsured motorists coverage and thereby reduced the amount of coverage available to Warichar. Aetna relies on a letter written by the state's agent. The agent, who was appointed by the state insurance purchasing board under General Statutes 4a-20, invited Aetna to submit a proposal for the board's review. Aetna was asked to use information enclosed with the letter when developing its proposal. Among the information was a sample insurance policy with a $1,000,000.00 liability limit and a $40,000.00 uninsured/underinsured motorists limit. Thereafter, the state purchased a policy from Aetna with a $1,000,000 liability limit and a $40,000 uninsured/underinsured limit. Aetna claims that the letter qualifies under Public Act 83-461 as a written request for lesser underinsured motorists coverage. CT Page 5942
Statutory provisions allowing for the rejection or limitation of uninsured/underinsured motorists coverage should be narrowly and strictly construed since the provisions detract from the public policy goals of protecting innocent victims. At the minimum, an express request for lesser coverage should be required. See Travelers Insurance Co. v. Maler, 215 Conn. 399,403 (1990); Larson v. Bath, 801 P.2d 1331 (Kansas App. 1990); Poots v. Motorists Ins. Companies, 526 N.E.2d 711 (Ohio App. 1986); Kriss, No Fault and Uninsured Motorist Automobile Insurance, (Mathew Bender), 23.10[3].
The agent's letter was at best an implied request. The evidence before the arbitration board supports its finding that $1,000,000.00 of underinsured motorists coverage was available.
Aetna's motion to vacate is denied. Warichar's motion to confirm is granted.
THIM, JUDGE